## IN THE SUPERIOR COURT OF GUAM

2012 AUG 14 AM 8: 01

CLERK OF COURT

BY: _____

NATIONAL UNION FIRE INSRANCE
COMPANY OF PITTSBURG, PA.,

    Plaintiff/ Counterclaim Defendant,

vs.

ISLAND HOME INSURANCE
COMPANY INC.,

    Defendant/ Counterclaim Plaintiff.

CIVIL CASE NO. CV0292-10

**AMENDED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**



This matter came before the HONORABLE VERNON P. PEREZ on May 18, 2011 at Bench Trial. Attorney Terry Timblin represented Plaintiff. Attorney Kevin Fowler represented Defendants. The Court filed a previous Findings of Fact and Conclusions of Law in this matter on December 5, 2011. Shortly thereafter, Defendant filed a Motion to Amend which the Court granted on January 23, 2012. For ease of review, the Court has only amended the portion of the Findings of Fact and Conclusions of Law relevant to the issues of costs. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Amended Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Any finding of fact is also a conclusion of law. Any conclusion of law is also a finding of fact.

2. Plaintiff National Union Fire Insurance Company of Pittsburgh PA (hereinafter "Plaintiff") insured Roanne Baker and Defendant Island Home Insurance Company, Inc. (hereinafter "Defendant") insured the now deceased Vasalina Sahagon. Baker and Sahagon were involved in a vehicle collision on August 12, 2009 at the intersection of Tun Jesus Crisostomo St. and Chalan San Antonio. At all times relevant, Plaintiff and Defendant are licensed carriers authorized to engage in business on Guam. This Court has jurisdiction under 7 GCA § 3105.

3. Both vehicles were damaged as a result of the collision.

*National Fire Union Insurance Company of Pittsburg, PA., v. Island Home Insurance Company, Inc.,*
Findings of Fact and Conclusions of Law
Civil Case No. CV292-10       - Page 1 of 3 -

4. Plaintiff incurred repair costs of $6,135.21 and Defendant incurred repair costs of $2,673.76.

5. The collision occurred when Baker moved her vehicle from a stopped position and turned right onto Chalan San Antonio and Sahagon simultaneously turned left into Baker's vehicle from the median.

## CONCLUSIONS OF LAW

6. Both drivers were neglectful of the proper and safe driving rules put forth in Title 16 of the Guam Code Annotated and the Guam Driver's Handbook. Baker did not keep to the extreme right lane when making a right hand turn. Had she made the proper lane changes to get to the third lane, she would not have been hit. 16 GCA § 3321(a) requires that "both the approach for a right turn, and a right turn, shall be made as close as practicable to the right-hand curb or edge of the roadway". Baker clearly violated the statute and an accident resulted. Sahagon did not pay attention to the road to ensure the lane was clear before making the left hand turn and made a sharp turn which resulted in an accident, also in violation of the left turn rules put forth in §3321. Had Sahagon paid attention and waited for the lane to clear, she would not have struck Baker's vehicle.

7. Plaintiff was the proximate cause of the accident. As he made a dangerous maneuver to get to the third lane. Any driver on the road at the time of Baker's right turn would expect a right turn to the extreme right lane. Yet, Defendant could easily have avoided the collision by paying attention to the road and waiting for Sahagon's unsafe maneuver to end before making her sharp turn into Baker's vehicle. Both parties were at fault and the elements of negligence were met in both the claim and counterclaim.

8. The only issue remaining is a determination of which driver was more at fault and whether or not, the rules of comparative and contributory negligence play a role in this matter.

9. The Court concludes that Baker is 60% at fault and Sahagon is 40% at fault for the accident, although, more damage did occur to Baker's vehicle.

10. Defendant asserts the affirmative Defense of Comparative Negligence, which must be proven beyond a preponderance of evidence under 7 GRCP § 8. Defendant is correct, and he has

*National Fire Union Insurance Company of Pittsburg, PA., v. Island Home Insurance Company, Inc.,*
Findings of Fact and Conclusions of Law
Civil Case No. CV292-10                     - Page 2 of 3 -

succeeded on his burden and shown that Baker was comparatively at fault. Seeing how Baker's negligence is greater than that of Sahagon, Baker's claim for damages is barred by 18 GCA §90108 and Guam Civil Code 1714.1.[1] Sahagon's negligence is lesser than Baker's but Defendant's award shall be decreased by Sahagon's degree of negligence under 18 GCA §90108. Therefore, Plaintiff cannot recover and Defendant may only recover in its counterclaim 60% of the $2,673.76, which is $1,604.26. Both Parties insured negligent drivers, the Court will deny costs or attorney's fees for either Party. The Court finds that the Defendant was less at fault for the accident than Plaintiff and awards costs to Defendant. [2] 7 GCA § 26602(3) provides that costs are allowed "of course" in an action for damages. Defendant's counterclaim falls under 7 GCA § 26602(3) and therefore, the Court must award costs to Defendant.

## CONCLUSION

The Court enters judgment in Defendant's favor for the amount of $1,604.26 plus costs.

So ORDERED this ___ day of August, 2012.

AUG 14 2012

Original Signed By:

HON VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

AUG 1 4 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

---

[1] Guam is a modified comparative negligence jurisdiction. *Duenas v. Yamas Co., Inc.*, 1991 WL 255834 (D. Guam A.D.).
[2] This portion of the Findings of Fact and Conclusions of Law has been amended from the previous Findings filed December 5, 2011.

---

*National Fire Union Insurance Company of Pittsburg, PA., v. Island Home Insurance Company, Inc.,*
Findings of Fact and Conclusions of Law
Civil Case No. CV292-10            - Page 3 of 3 -